UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO JAMES JOSEPH,

           Plaintiff,

    v.

T. PARCIASEPE, et al.,

           Defendants.

No.  2:14-cv-00414 AC P

ORDER

      Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was originally initiated by a civil complaint filed in the Amador County Superior Court on October 18, 2013.  See ECF No. 2 at 1.  Defendants Parciasepe and Knipp were served with a copy of the summons and complaint on January 14, 2014.  Id. Defendants removed this action to federal court on February 6, 2014.  See ECF No. 1.  Plaintiff consented to the jurisdiction of the undersigned for all further proceedings on February 14, 2014. ECF No. 4.

I.     Screening Requirement

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8    Cir. 1989); Franklin, 745 F.2d at 1227.

9         A complaint must contain more than a "formulaic recitation of the elements of a cause of

10   action;" it must contain factual allegations sufficient to "raise a right to relief above the

11   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

12   must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

13   a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

14   Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

15   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

16   566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has

17   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18   reasonable inference that the defendant is liable for the misconduct alleged."  Id.

19        In reviewing a complaint under this standard, the court must accept as true the allegations

20   of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

21   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

22   the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

23   II.   Plaintiff's Complaint

24        Plaintiff alleges three separate causes of action, all of which arise from events that

25   occurred while he was confined at Mule Creek State Prison.  ECF No. 2-1.  He first alleges that

26   on April 15, 2013 Officer T. Parciasepe threatened him by stating that plaintiff was going to be

27   his next victim.  ECF No. 201 at 9.  This caused plaintiff to suffer substantial emotional distress.

28   Id.

2

Next, plaintiff alleges a retaliation claim based on Officer Parciasepe's conduct of having his co-workers constantly harass plaintiff by searching his cell without any just cause. ECF No. 2-1 at 10. These cell searches were conducted, according to plaintiff, because he had filed a prior staff complaint against Officer Parciasepe. Id. As a result, plaintiff suffered emotional distress and other unspecified damages in the future. Id.

Lastly, plaintiff alleges that Warden Knipp failed to protect him in violation of the Eighth Amendment because he knew that Officer Parciasepe had violated plaintiff's rights, but he failed to take any corrective action. ECF No. 2-1 at 12. This caused plaintiff to suffer emotional distress as well as additional unspecified damage in the future. Id.

III.    Legal Standards

A prison official's deliberate indifference to a substantial risk of harm to an inmate, including a risk of violence from other inmates, violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828, 833 (1994). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'. . . For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id. The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

3

1  advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

2  2005).

3  IV.   Analysis

4        Here, plaintiff has failed to allege a colorable harassment claim because words alone are

5  generally not sufficient to state an Eighth Amendment claim under section 1983.  See e.g.,

6  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (implying that harassment "calculated to. . .

7  cause [the prisoner] psychological damage" might state an Eighth Amendment claim) (citing

8  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), amended by 135 F.3d 1318 (9th Cir.

9  1998)).  Even threats, without more, do not rise to the level of a constitutional violation.  Gaut v.

10  Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  A death threat made when the party has both the

11  opportunity to carry out the threat and evidences the intent to do so does state a cognizable claim.

12  See Burton v. Livingston, 791 F.2d 97, 100-01 (8th Cir. 1986) (drawing gun and terrorizing

13  prisoner with threats of death while using racially offensive language presents cognizable claim).

14  Plaintiff alleges that Officer Parciasepe told him that he would be his next victim.  He does not,

15  however, allege sufficient circumstantial facts to establish that Officer Parciasepe had both the

16  opportunity to carry out the threat and the intent to do so.  Accordingly, plaintiff has failed to

17  state an Eighth Amendment claim against Officer Parciasepe.

18        Plaintiff has additionally failed to state a claim of retaliation.  "A prisoner suing prison

19  officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for

20  exercising his [or her] constitutional rights and that the retaliatory action does not advance

21  legitimate penological goals, such as preserving institutional order and discipline."  Barnett v.

22  Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  Here, the only alleged retaliatory

23  action is cell searches.  However, routine cell searches conducted for the purpose of preserving

24  institutional order, discipline, and security further those legitimate penological goals.  See Hudson

25  v. Palmer, 468 U.S. 517, 529 (1984) ("Random searches of inmates, individually or collectively,

26  and their cells and lockers are valid and necessary to ensure the security of the institution and the

27  safety of inmates and all others within its boundaries").  Plaintiff's allegations fail to demonstrate

28  that his First Amendment rights were chilled or infringed by the alleged cell searches.  See

4

1  Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

2          As to plaintiff's claim against Warden Knipp for failing to protect him from Officer

3  Parciasepe's conduct, he has failed to allege a substantial risk of serious harm.  See Farmer v.

4  Brennan, 511 U.S. 825, 833 (1994).  The complaint only contains allegations of emotional

5  distress resulting from the alleged violations.  Plaintiff has thus failed to establish even the first

6  prong of an Eighth Amendment violation for the failure to protect.

7          Moreover, as to all three claims for relief alleged in the complaint, plaintiff has failed to

8  identify any actual physical injury he suffered as a result of the alleged violations.  Emotional

9  distress is not a sufficient harm under § 1983.  The PLRA states that "[n]o Federal civil action

10  may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

11  emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C.

12  § 1997e(e); see also 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims

13  Act).  This provision "requires a prior showing of physical injury that need not be significant but

14  must be more than de minimus."  Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002); see also

15  Pierce v. County of Orange, 526 F.3d 1190, 1223-24 (9th Cir. 2008); Jackson v. Carey, 353 F.3d

16  750, 758 (9th Cir. 2003); but see Canell v. Lightner, 143 F.3d 1210 (9th Cir.  (finding that the

17  physical injury requirement of the PLRA did not apply to a First Amendment claim under the

18  Establishment and Free Exercise Clauses).  Based on these deficiencies, plaintiff's complaint fails

19  to state any colorable claim for relief.

20  V.      Leave to Amend

21          Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely

22  given when justice so requires.  The court will provide plaintiff with time to file an amended

23  complaint curing the deficiencies identified above.  Plaintiff is granted leave to file an amended

24  complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

25          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

26  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

27  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

28  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

1    is some affirmative link or connection between a defendant's actions and the claimed deprivation.

2    Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

3    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

4    allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

5    of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

7    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

8    complaint be complete in itself without reference to any prior pleading.  This is because, as a

9    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

10   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

11   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

12   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13   VI.    Ancillary Motions

14        Also pending before the Court is plaintiff's motion to amend the exhibits attached to his

15   complaint, ECF Nos. 5, 8, and plaintiff's motion to join Marcelino Clemente as an additional

16   plaintiff in the pending action.  ECF No. 6.

17        With respect to plaintiff's motions to amend his exhibits, the court finds that these

18   motions are moot in light of the above finding that the complaint should be dismissed with leave

19   to amend.  Plaintiff may attach whatever exhibits he deems necessary to any amended complaint

20   filed in accordance with this order.

21        Plaintiff further requests to join Marcelino Clemente as an additional plaintiff in this

22   action due to the systematic nature of the problems at Mule Creek State Prison.  ECF No. 6 at 1.

23   Attached to the motion is an entirely separate complaint listing Marcelino Clemente as the

24   plaintiff, an incomplete application to proceed without prepaying fees and costs, a civil cover

25   sheet.  ECF No. 6 at 4-30.  Plaintiff's motion is improper and will be denied for several reasons.

26   First and foremost, the court may not simply add a plaintiff to the pending civil rights action.  As

27   previously explained, the court has a duty to screen all complaints brought by prisoners seeking

28   relief against a governmental entity.  See 28 U.S.C. 1915(A)a.  Each complaint is also subject to

1    the fee requirements of 28 U.S.C. § 1915(b)(1) which provides that the CDCR shall deduct the

2    initial partial filing fee and additional installment payments from plaintiff's prison trust account

3    each time the amount in the account exceeds $10.00 until the statutory filing fee is paid in full.

4    To the extent that the present motion is a back door attempt to avoid the screening and fee

5    requirements imposed by the Prison Litigation Reform Act (PLRA) it will be denied.

6           Additionally, plaintiff has not brought a motion pursuant to Rule 23 of the Federal Rules

7    of Civil Procedure seeking to have the court certify the instant matter as a class action, since he

8    did not commence this action in federal court.  Nevertheless, as a non-lawyer proceeding without

9    counsel, it is not likely that this matter could be pursued as a class action.  It is well established

10   that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United

11   States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the

12   putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509

13   F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot fairly and adequately protect the

14   interests of the class as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See

15   Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Plaintiff's privilege to appear in propria

16   persona is a privilege personal to him.  He has no authority to appear as an attorney for others

17   than himself.  McShane v. United States, 366 F.2d at 288 (citing Russell v. United States, 308

18   F.2d 78, 79 (9th Cir. 1962)).  Therefore, plaintiff may only bring this action on his own behalf.

19          It should be noted that this order does not preclude Marcelino Clemente from electing to

20   proceed with a separate civil action by refiling the attached documents as a new civil action

21   subject to the provisions of the PLRA.

22          In accordance with the above, IT IS HEREBY ORDERED that:

23          1.  The complaint is dismissed for the reasons discussed above, with leave to file an

24   amended complaint within thirty days from the date of service of this order.  Failure to file an

25   amended complaint will result in a recommendation that the action be dismissed;

26          2.  Plaintiff's motions to amend the exhibits attached to his complaint (ECF Nos. 5, 8) are

27   denied as moot; and,

28   ////

3. Plaintiff's motion to join Marcelino Clemente as an additional plaintiff (ECF No. 6) is denied.

DATED: June 20, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8