UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO JAMES JOSEPH,

   Plaintiff,

   v.

T. PARCIASEPE, et al.,

   Defendants.

No.  2:14-cv-00414 AC P

ORDER

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was originally initiated by a civil complaint filed by plaintiff in the Amador County Superior Court on October 18, 2013.  ECF No. 2 at 1.  Defendants Parciasepe and Knipp were served with a copy of the summons and complaint on January 14, 2014.  ECF No. 2 at 1 ¶ 2.  Defendants removed this action to federal court on February 6, 2014.  ECF No. 2.  Plaintiff consented to the jurisdiction of the undersigned for all further proceedings on February 14, 2014.  ECF No. 4.  The court screened the complaint and dismissed it with leave to amend.  ECF No. 9.  Plaintiff has now filed an amended complaint, which must also be screened.  ECF No. 10.

I.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

1   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

4       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

10  Cir. 1989); Franklin, 745 F.2d at 1227.

11      A complaint must contain more than a "formulaic recitation of the elements of a cause of

12  action;" it must contain factual allegations sufficient to "raise a right to relief above the

13  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

14  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

15  a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

16  Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

17  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

18  566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has

19  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

20  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

21      In reviewing a complaint under this standard, the court must accept as true the allegations

22  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

23  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

24  the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

25  II.     Plaintiff's Complaint

26      Plaintiff sets forth three separate causes of action.  The First Cause of Action alleges that

27  Officer T. Parciasepe has an "extensive history of harassing, retaliating, intimidating, threatening,

28  and staging violence against inmates."  ECF No. 10 at 5.  It further alleges that Parciasepe

threatened plaintiff by stating that plaintiff was going to be his next victim.  ECF No. 10 at 5.  This conduct "created an unreasonable risk and harm to plaintiff," demonstrated "deliberate indifference to plaintiff's Eighth Amendment rights," and caused plaintiff to suffer "irreparable harm."  Id. at 6.

The Second Cause of Action asserts a retaliation claim based on the allegation that Officer Parciasepe "continuously had his co-workers constantly harass" plaintiff, and "excessively search" his cell "without any probable cause."  ECF No. 10 at 7.  These cell searches were conducted, according to plaintiff, because he had filed a prior staff complaint and group appeals against Officer Parciasepe.  ECF No. 10 at 7.  This conduct "created an unreasonable risk and harm to plaintiff," demonstrated "deliberate indifference to plaintiff's Eighth Amendment rights," and caused plaintiff to suffer "irreparable harm."  Id. at 8.

The Third Cause of Action asserts that defendant William Knipp failed to protect plaintiff in violation of the Eighth Amendment because he knew that Officer Parciasepe had violated plaintiff's rights, but he failed to take any corrective action.  ECF No. 10 at 9.  This caused plaintiff to suffer emotional distress.  ECF No. 10 at 9.

III.    Legal Standards

To state a valid claim under 42 U.S.C. § 1983, "the complaint must allege facts which, if true, would show that the defendants, while acting under color of State law, subjected the plaintiff to the deprivation of a constitutional right."  Padilla v. Lynch, 398 F.2d 481, 482 (9th Cir.  1968).  Further, plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) ("plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim") (internal quotation marks omitted).

As for the Eighth Amendment Claim,

> a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim . . . based on a failure to prevent harm, the

3

>  inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.
>
>  The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.  To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.

Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Finally, "[p]risoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

IV.     Analysis

Plaintiff's amended complaint makes substantially the same allegations as are contained in the original complaint, which this court has already dismissed.  The allegations that plaintiff has added do nothing to buttress plaintiff's claims.

The First Cause of Action adds (and then repeats) an allegation that defendant Parciasepe engaged in "harassment, retaliation, intimidation, and cruel and unusual punishment, guaranteed to the plaintiff by the Eighth Amendment of the United States Constitution." ECF No. 10 at 5. The allegation fails to establish any specific overt acts, but instead alleges the legal conclusion that plaintiff suffered harassment, retaliation, intimidation and cruel and unusual punishment. This is insufficient to state a claim under Section 1983. Jones, 733 F.2d at 649 (requiring that

plaintiff allege with "some degree of particularity overt acts" by defendants that violate plaintiff's rights).  As in the original complaint, the only specific overt act plaintiff alleges is that defendant Parciasepe verbally threatened him.  For the reasons stated in the court's prior order, verbal threats, without more, are generally insufficient to state a Section 1983 claim for violation of the Eighth Amendment.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (a "mere naked threat" from prison guards does not violate the Eighth Amendment).

The Second Cause of Action also adds (and then repeats) an allegation that defendant Parciasepe engaged in "harassment, retaliation, intimidation, and cruel and unusual punishment, guaranteed to the plaintiff by the Eighth Amendment of the United States Constitution."  ECF No. 10 at 7.  For the reasons just stated, this allegation fails to state a Section 1983 claim, because it states only legal conclusions.  Plaintiff's only specifically alleged overt act is that defendant harassed and retaliated against plaintiff by having his cell excessively searched, without probable cause.  This is the same allegation the court found insufficient in the original complaint.  For the reasons stated in the court's prior order, this fails to state a constitutional claim, as cells may be randomly searched, and such searches do not require probable cause.  See Hudson v. Palmer, 468 U.S. 517, 529 (1984).

The Third Cause of Action alleges that defendant Knipp failed to protect plaintiff from defendant Parciasepe, and as a result plaintiff suffered emotional distress.  This is the same allegation that was dismissed in the original complaint.  For the reasons stated in the court's prior order, therefore, this allegation fails to state a claim.  Specifically, as discussed above, plaintiff has failed to allege constitutional harm by Parciasepe that would require protection from Knipp.  Also, emotional distress, the only harm claimed here, is not a sufficient harm under Section 1983.  See 42 U.S.C. § 1997e(e) (" [n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . .");  Minneci v. Pollard, 132 S. Ct. 617, 625 (2012) ("Prisoners bringing federal lawsuits, for example, ordinarily may not seek damages for mental or emotional injury unconnected with physical injury").

////

Based on these deficiencies, plaintiff's complaint fails to state any colorable claim for relief.

V.   Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. The court will provide plaintiff with time to file a second amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff is cautioned that simply re-alleging the same facts that the court has twice found to be insufficient will result in a recommendation that this action be dismissed with prejudice. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the amended complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty

(30) days from the date of this order. Failure to file an amended complaint will result in a dismissal of this action.

DATED: December 3, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE