1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALONZO JAMES JOSEPH,                          No.  2:14-cv-0414 AC P

12                  Plaintiff,

13          v.                                       ORDER AND FINDINGS &
                                                     RECOMMENDATIONS
14    T. PARCIASEPE, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Currently before the court is plaintiff's second amended complaint.  ECF No. 13.

19    Plaintiff has designated the second amended complaint as a motion for leave to amend.  Id.

20    However, a motion for leave to amend is not necessary because plaintiff has already been given

21    leave to file a second amended complaint.  ECF No. 12.  To the extent plaintiff is requesting leave

22    to amend his complaint, the request is denied as moot.

23    I.    Statutory Screening of Prisoner Complaints

24          The court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

                                                     1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

9    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

10   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

11   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

12   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

13   this standard, the court must accept as true the allegations of the complaint in question, Hospital

14   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

15   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

16   McKeithen, 395 U.S. 411, 421 (1969).

17   II.    Second Amended Complaint

18   Plaintiff separates his second amended complaint into three separate counts.  ECF No. 13.

19   Counts I and II allege that defendant Parciasepe violated plaintiff's rights under the First and

20   Eighth Amendments (id. at 6-11) and Count III alleges that defendant Knipp violated his rights

21   under the First and Eighth Amendments (id. at 12-13).

22   In Count I, plaintiff alleges that defendant Parciasepe "violated plaintiff['s] right[s] under

23   the First and Eighth Amendment[s] for harassment, retaliation, intimidation, cruel and unusual

24   punishment, and failure to protect."  Id. at 6.  Plaintiff alleges that on April 15, 2013, Parciasepe

25   threatened him, telling him that he would "be his next victim."  Id. at 6.  Plaintiff further alleges

26   that he proceeded to file a staff complaint against Parciasepe, and that after Parciasepe discovered

27   that plaintiff had filed the staff complaint, he began to harass plaintiff, conduct excessive cell

28   searches, and wrote him up for a rules violation.  Id.  at 6.  Plaintiff claims that Parciasepe

1    threatened to have another officer plant a knife in plaintiff's cell and tried to get plaintiff's

2    various cellmates to "inform for him, or to set plaintiff up." Id. at 6-7.  When plaintiff's cellmates

3    refused to cooperate, Parciasepe began harassing them as well.

4          In Count II, plaintiff again alleges that Parciasepe "violated plaintiff['s] right[s] under the

5    First and Eighth Amendment[s] for harassment, retaliation, intimidation, cruel and unusual

6    punishment, and failure to protect." Id. at 9.  He alleges that after he told Parciasepe that he

7    "wouldn't give in to his intimidation tactics" and that he would "stand up for [his] constitutional

8    rights," Parciasepe threatened to make his life "a living hell." Id.  Parciasepe then tried,

9    unsuccessfully, to get another inmate to assault him. Id. at 9-10.  This led to plaintiff filing a

10   group appeal for harassment on April 1, 2012. Id. at 10.  After Parciasepe found out about the

11   appeal, he began harassing plaintiff "by constantly pat searching, cell searching, refusing to let

12   [plaintiff] out of [his] cell," and having other officers do the same. Id. at 10.  Parciasepe is also

13   alleged to have shared another inmate's "confidential kite," putting that inmate's life in danger

14   and leading to plaintiff filing another group appeal against Parciasepe. Id.

15         In Count III, plaintiff alleges that defendant Knipp "violated plaintiff['s] right[s] under the

16   First and Eighth Amendment[s] for harassment, retaliation, intimidation, cruel and unusual

17   punishment, and failure to protect." Id. at 12.  He alleges that Knipp knew that Parciasepe was

18   violating his rights but failed to intervene and take corrective action. Id.

19   III.    Failure to State a Claim

20         A.    Counts I and II, in Part

21         Counts I and II of the second amended complaint both contain claims solely against

22   defendant Parciasepe.  Plaintiff alleges generally that Parciasepe's actions violate both his First

23   and Eighth Amendment rights.  These counts state cognizable claims in part, but also include

24   allegations that do not state a claim and should be dismissed as a basis for relief.  The allegations

25   that fail to state a claim are as follows.

26         1. First Amendment Claims

27         "Prisoners have a First Amendment right to file grievances against prison officials and to

28   be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

1 (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Allegations of retaliation against

2 a prisoner's First Amendment rights to speech or to petition the government may support a

3 section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); Pratt v. Rowland,

4 65 F.3d 802, 806 (9th Cir. 1995).

5  "Within the prison context, a viable claim of First Amendment retaliation entails five

6 basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

7 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

8 exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

9 correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

10  Parciasepe's solicitation of another inmate to assault plaintiff (id. at 9-10) fails to state a

11 claim for retaliation because it preceded plaintiff's protected conduct.  Additionally, Plaintiff's

12 allegations that Parciasepe harassed other inmates because they refused to "inform for him" or

13 "set plaintiff up" (id. at 7-8, 10) fail to state a claim because they do not allege an adverse action

14 taken against plaintiff.  To the extent plaintiff claims Parciasepe's solicitation of these inmates

15 was retaliatory, he fails to include any facts regarding the kind of information Parciasepe wanted

16 them to provide or how he wanted them to "set plaintiff up" that would support an allegation of

17 retaliation.

18  For these reasons, it will be recommended that plaintiff's claims for retaliation based on

19 these actions be dismissed.

20   2. Eighth Amendment Claims

21  The Eighth Amendment imposes a duty on prison officials to provide humane conditions

22 of confinement, which includes "protect[ing] prisoners from violence at the hands of other

23 prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  A prison official violates the Eighth

24 Amendment only when two requirements are met.  Id.  First, the deprivation alleged must be

25 objectively sufficiently serious: the act or omission must result in the denial of "the minimal

26 civilized measure of life's necessities."  Id.  Second, the prison official must subjectively have a

27 sufficiently culpable state of mind, one of deliberate indifference to inmate health or safety.  Id.

28 The official is not liable under the Eighth Amendment unless he knows of and disregards an

excessive risk to the inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.  Id. at 837.  Then he must fail to take reasonable measures to abate the substantial risk of serious harm.  Id. at 847.

"Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harrassment generally does not violate the Eighth Amendment"), amended on other grounds by 135 F.3d 1318 (9th Cir. 1998); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment).

Plaintiff's allegations that Parciasepe threated that plaintiff would "be his next victim," that he would have another officer plant a knife in his cell, or that he would make plaintiff's life a "living hell" are insufficient to state a claim for relief.  As are his claims of harassment in the form of excessive cell searches, a fabricated rules violation report, and attempting to have other inmates inform on him and set him up.  Plaintiff does not allege the harassment was intended to cause psychological damage, but instead indicates that the purpose was to dissuade him from pursuing administrative remedies.  ECF No. 13 at 6, 10.  Without more, the threats and harassment do not rise to the level of an Eighth Amendment violation.  See Keenan, 83 F.3d at 1092 (harassment "calculated to . . . cause [the prisoner] psychological damage" may state an Eighth Amendment claim) (citing Oltarzewski, 830 F.2d at 139); Burton v. Livingston, 791 F.2d 97, 100-01 (8th Cir. 1986) (drawing gun and terrorizing prisoner with threats of death while using racially offensive language presents cognizable claim).  To the extent plaintiff is attempting to make a claim against Parciasepe for his alleged harassment of other inmates and for endangering another inmate by sharing his "confidential kite," these allegations fail to state a claim because they do not relate to plaintiff's health or safety.

It is therefore recommended that plaintiff's claims for violation of his Eighth Amendment rights based on these actions be dismissed.

B.    Count III

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May, 633 F.2d at 167.  There is no respondeat superior liability under § 1983.  Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation and internal quotation marks omitted).  A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.

Plaintiff's allegations against defendant Knipp are largely general claims that because he was "responsible for the conduct of all employees at Mule Creek State Prison," he is liable for any violations of plaintiff's constitutional rights.  ECF No. 13 at 12-13.  Plaintiff's general claims that Knipp is responsible for any violation of his rights simply by virtue of being the warden of Mule Creek State Prison are barred because they fail to state a claim under § 1983.  To the extent plaintiff alleges that Knipp knew about the violations and failed to do anything to intervene, plaintiff still fails to state a claim.

Plaintiff alleges, without specifying how, that Knipp was aware of Parciasepe's actions but failed to intervene and correct Parciasepe's conduct.  ECF No. 13 at 13.  Based on the timeline set forth in the "factual allegations" portion of the second amended complaint and the documents attached as exhibits, plaintiff appears to allege that Knipp was aware of Parciasepe's conduct because Knipp handled two staff complaints that he submitted.  Id. at 3-4.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 805, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("[T]here is no legitimate claim of entitlement to a grievance procedure.").  Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983.  Id.; George v. Smith, 507 F.3d 605, 609

(7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").  The Seventh Circuit has observed:

> Only persons who cause or participate in the violations are responsible.   Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.   A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George, 507 F.3d at 609-10.  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it.  Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Plaintiff's allegations are insufficient to establish that Knipp knew about Parciasepe's ongoing conduct.

Plaintiff has attached copies of various complaints he made about Parciasepe.  ECF No. 13 at 17-18, 25, 29-32, 39-41, 45, 54-57, 62-65.  The court may consider facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The appeals and staff complaints[1] submitted by plaintiff alleged that Parciasepe played favorites among the inmates (id. at 18, 29, 32), played inmates against each other (id.), shared an inmate's confidential kite (id. at 18, 25, 29, 32), created a "continuous 'stress and strain'" on plaintiff (id. at 40), threatened him because of a staff complaint he filed (id. at 45), and was overly familiar with inmates (id. at 54-57).

With the exception of the alleged threat, the conduct plaintiff complained of, though potentially unprofessional or in violation of another inmate's rights, does not rise to the level of a violation of plaintiff's rights.  None of the complaints allegedly submitted to or reviewed by Knipp indicate that Parciasepe was endangering plaintiff's safety, and only one of the complaints identifies retaliatory conduct for filing grievances.  Plaintiff's letter claiming that Parciasepe

---

[1]  Plaintiff also attaches several interview request forms that he does not allege were submitted to Knipp and that do not indicate that they were reviewed by Knipp.  ECF No. 13 at 62-65.

threatened him for filing an appeal would have alerted Knipp to a retaliatory act by Parciasepe, but is insufficient to state a claim because it does not allege continuing retaliation.  ECF No. 13 at 45.  The response to the letter also indicates that when questioned by staff about the allegation, plaintiff reported that Parciasepe had not taken any further action other than using other inmates to inform on him.  Id. at 48.  Plaintiff's appeals and staff complaints make no mention of Parciasepe targeting plaintiff for searches,[2] threatening to plant a knife in his cell,[3] or soliciting another inmate to assault him.

Plaintiff's claims against defendant Knipp, even when considering the documentation attached to the second amended complaint, are insufficient to allege that Knipp was aware of ongoing conduct that would violate plaintiff's constitutional rights.  Plaintiff's claims against defendant Knipp should be dismissed.

C.    Mental and Emotional Injury

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  This provision "requires a prior showing of physical injury that need not be significant but must be more than de minimus."  Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

Plaintiff has not alleged any physical injury in the second amended complaint, and he was previously advised that physical injury was necessary to support a claim for mental or emotional injury (ECF No. 9 at 5).  His claims for mental and emotional injury will therefore be dismissed.  However, to the extent plaintiff has stated claims for the violation of his First and Eighth Amendment rights as set forth in Section IV below, he may proceed on claims for compensatory, nominal, and punitive damages based on the violations of those rights, though not for any alleged

---

[2]  One of the appeals does reference searches, but the allegation was that Parciasepe would not subject his favorite inmates to searches, not that he was targeting plaintiff for filing grievances.  ECF No. 13 at 18.
[3]  A response to one of plaintiff's complaints states that plaintiff filed the appeal "as a precaution, just in case Officer Parciasepe retaliates against [him] by planting a weapon or something in [his] cell," but there is no indication that this concern was based on a specific threat.  ECF No. 13 at 48.

1    mental or emotional injuries.  Oliver, 289 F.3d at 630.

2    IV.    Claim for Which a Response Will Be Required

3          A.    Counts I and II

4                1. First Amendment Claims

5          Although "[r]andom searches of inmates, individually or collectively, and their cells and

6    lockers are valid and necessary to ensure the security of the institution and the safety of inmates

7    and all others within its boundaries," Hudson v. Palmer, 468 U.S. 517, 529 (1984), cell searches

8    may violate a prisoner's rights under the First Amendment if they are conducted for retaliatory

9    purposes rather than to further legitimate penological needs, see Packnett v. Wingo, 471 Fed.

10   Appx. 577, 578 (9th Cir. 2012) (district court's dismissal of prisoner's retaliation claim improper

11   because he alleged his First Amendment rights were chilled when defendants searched his cell

12   and seized his property in retaliation for filing grievances); see also McMillan v. Ringler, No.

13   2:13-cv-00578 MCE KJN P, 2014 WL 7335318 at *8 (E.D. Cal. Dec. 19, 2014) (adopted in full

14   Feb. 12, 2015) ("to find (as defendants urge) that [prison] searches can under no set of

15   circumstances be undertaken for a retaliatory motive would be to give correctional staff intent on

16   retaliation a way to do so without facing any consequences").  Inmates also have a right to be free

17   from the filing of false disciplinary charges in retaliation for the exercise of constitutionally

18   protected rights.  Watison, 668 F.3d at 1115.

19         A viable "retaliation claim may assert an injury no more tangible than a chilling effect on

20   First Amendment rights."  Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (quoting

21   Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001)) (internal quotations omitted).

22              [A] plaintiff does not have to show that "his speech was actually
               inhibited or suppressed," but rather that the adverse action at issue
23             "would chill or silence a person of ordinary firmness from future First
               Amendment activities."  To hold otherwise "would be unjust" as it
24             would "allow a defendant to escape liability for a First Amendment
               violation merely because an unusually determined plaintiff persists in
25             his protected activity."

26

27   Brodheim, 584 F.3d at 1271 (quoting Rhodes, 408 F.3d at 568-69) (emphasis in original) (internal

28   citation omitted).  "[T]he mere threat of harm can be an adverse action, regardless of whether it is

                                              9

1  carried out because the threat itself can have a chilling effect." Brodheim, 584 F.3d at 1270

2  (emphasis in original).  However, at the pleading stage, "allegations of harm [are] sufficient to

3  ground a First Amendment retaliation claim without discussing whether that harm had a chilling

4  effect." Wilson v. Nesbeth, 341 Fed. Appx. 291, 293 (9th Cir. 2009) (citing Pratt, 65 F.3d at 807-

5  08; Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989); Rhodes, 408 F.3d at 567-68

6  n. 11).

7       Plaintiff claims that Parciasepe began targeting him for excessive cell and pat searches

8  and threatened to have officers plant a knife in his cell after discovering that plaintiff had filed a

9  staff complaint and appeal against him.  He also alleges that Parciasepe threatened that he would

10 be his "next victim." [4]  ECF No. 13 at 6.  Finally, plaintiff makes reference to being issued a rules

11 violation report.  Id. at 6.  He alleges that the rules violation report was issued after Parciasepe

12 discovered that he had filed a staff complaint against him (id.) and claims the evidence was

13 fabricated (id. at 5).  He also attaches a copy of an interview request that explicitly alleged that

14 the report was false and retaliatory.  Id. at 63.  Liberally construed, these allegations are sufficient

15 to state a claim for retaliation.  That Parciasepe's alleged actions did not stop plaintiff from

16 following through with his grievances does not negate his claim for retaliation.

17                            2. Eighth Amendment Claims

18      A prison official is not liable under the Eighth Amendment unless he knows of and

19 disregards an excessive risk to the inmate's health or safety; the official must both be aware of

20 facts from which the inference could be drawn that a substantial risk of harm exists, and he must

21 also draw the inference.  Farmer, 511 U.S. at 837.  Then he must fail to take reasonable measures

22 to abate the substantial risk of serious harm.  Id. at 847.  A person can deprive another of a

23 constitutional right, within the meaning of § 1983, "not only by some kind of direct personal

24 participation in the deprivation, but also by setting in motion a series of acts by others which the

25 actor knows or reasonably should know would cause others to inflict the constitutional injury."

26 _____

[4]  Although the second amended complaint does not specifically state that the threat was made

27 because of plaintiff submitting a complaint against Parciasepe, plaintiff has attached a letter he
   presumably submitted that states that Parciasepe threatened him because of the staff complaint he

28 filed the previous year.  ECF No. 13 at 45.

1 | Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

2 |        Although plaintiff's allegations that Parciasepe threatened him do not rise to the level of

3 | an Eighth Amendment violation, Parciasepe's alleged solicitation of another inmate to assault

4 | plaintiff does state a claim under the Eighth Amendment and defendant Parciasepe will be

5 | required to respond to this claim.  See Garcia v. Ojeda, 1:07-cv-01750-AWI-SKO PC, 2010 WL

6 | 5173147 at *6 (E.D. Cal. Dec. 14, 2010) (adopted in full Mar. 22, 2011) (excessive risk of harm

7 | to plaintiff when officer solicited two inmates to assault him, even though inmates immediately

8 | refused).  Soliciting another inmate to assault plaintiff would not only make Parciasepe aware of a

9 | substantial risk of harm to plaintiff's safety, but it would mean he was actively attempting to

10 | create an excessive risk to plaintiff's safety, rather than trying to prevent the risk.

11 |        V.      No Leave to Amend

12 |        If the Court finds that a complaint should be dismissed for failure to state a claim, the

13 | Court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122,

14 | 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that

15 | the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31;

16 | see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be

17 | given leave to amend his or her complaint, and some notice of its deficiencies, unless it is

18 | absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing

19 | Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it

20 | is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to

21 | amend.  Cato, 70 F.3d at 1005-06.

22 |        The undersigned finds that, as set forth above, portions of plaintiff's second amended

23 | complaint fail to state a claim upon which relief may be granted.  Moreover, despite guidance on

24 | the necessary pleading requirements and notification of the defects in the original and first

25 | amended complaints (ECF Nos. 9, 12), plaintiff's second amended complaint continues to be

26 | largely identical to the original and first amended complaints.  The most notable differences

27 | between the second amended complaint and the original and first amended complaints are the

28 | allegations of Parciacepe's harassment of plaintiff's cellmates and disclosure of another inmate's

1    confidential kite (ECF No. 13 at 6-8, 10), both of which fail to state a claim for the violation of

2    plaintiff's constitutional rights because they deal with the alleged violation of other inmates'

3    rights.  Based upon the circumstances plaintiff challenges and his two previous attempts at

4    amendment, this court is persuaded that plaintiff is unable to allege any additional facts that

5    would state a cognizable claim beyond what has already been recognized.  The court therefore

6    concludes that further amendment would be futile.  "A district court may deny leave to amend

7    when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

8         The undersigned therefore recommends dismissing the claims outlined above in Section

9    III without leave to amend.  While leave to amend "shall be freely given when justice so

10   requires," plaintiff has already been provided two opportunities to amend his complaint to correct

11   deficiencies.  See Fed.R.Civ.P. 15(a)(2); see also ECF No. 9 (Order dismissing complaint with

12   leave to amend); ECF No. 12 (Order dismissing first amended complaint with leave to amend).

13   Further leave to amend is unwarranted and would likely be futile.

14   VI.    Conclusion

15        For the reasons set forth above, the court will deny plaintiff's motion for leave to amend

16   (ECF No. 13) as moot and recommend defendant Knipp be dismissed without leave to amend and

17   that defendant Parciasepe be required to respond to the second amended complaint in part.

18        Accordingly, IT IS HEREBY ORDERED that:

19        1.  Plaintiff's motion for leave to amend (ECF No. 13) is denied as moot.

20        2.  The Clerk of Court shall randomly assign a district judge to this action.

21        IT IS HEREBY RECOMMENDED that:

22        1.  Counts I and II be dismissed in part, as set forth in Section III above, without leave to

23   amend.

24        2.  Count III and defendant Knipp be dismissed in their entirety without leave to amend.

25        3.  Defendant Parciasepe be ordered to respond to Counts I and II of the second amended

26   complaint, as set forth above in Section IV, within thirty days from the date of the district judge's

27   review and adoption of the instant findings and recommendations.

28        These findings and recommendations are submitted to the United States District Judge

1   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

2   after being served with these findings and recommendations, any party may file written

3   objections with the court and serve a copy on all parties.  Such a document should be captioned

4   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

5   objections shall be served and filed within fourteen days after service of the objections.  The

6   parties are advised that failure to file objections within the specified time may waive the right to

7   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8   DATED: June 23, 2015

9   _____

    ALLISON CLAIRE
10  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28