UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH, | No. 2:14-cv-0414 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| T. PARCIASEPE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motions for appointment of an investigator and counsel. ECF No. 23, 26.

I.     Motion for an Investigator

Plaintiff requests an investigator to locate inmate witnesses and to determine whether these witnesses would be willing to testify on his behalf. ECF No. 23. Plaintiff also states in his motion that he would like an investigator to see if his witnesses would be willing to provide affidavits. Id.

Likely because this case came before the court on defendant's removal from state court (ECF No. 2), plaintiff has never applied for or been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court therefore has no evidence before it that plaintiff is unable to afford the expenses of litigation. However, even if plaintiff were proceeding in forma pauperis, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when

1  authorized by Congress.'"  Tedder v. Odel, 890 F.2d 210, 212-13 (9th Cir. 1989) (brackets in
2  original) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)).  The in forma
3  pauperis statute does not provide for the expenditure of public funds for investigators.  28 U.S.C.
4  § 1915.  Plaintiff's motion for an investigator will therefore be denied.

5     II.     Motion for Counsel

6  Plaintiff has also requested the appointment of counsel for the limited purpose of assisting
7  him in responding to defendant's discovery requests.  ECF No. 26 at 1-2.  He alleges that he
8  requires access to his central file in order to properly respond to the requests, but that he is being
9  denied access.  Id.

10  Again, plaintiff has yet to establish that he is indigent.  However, even if that were not the
11  case, the United States Supreme Court has ruled that district courts lack authority to require
12  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490
13  U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary
14  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017
15  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for
16  exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on
17  the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity
18  of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Wilborn v.
19  Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.
20  1983).  In the present case, the court does not find the required exceptional circumstances and
21  will deny the request for counsel because plaintiff has not established that he is indigent and what
22  he seeks, access to his central file, can be accomplished without appointment of counsel.

23  Federal Rule of Civil Procedure 34(a)(1) requires a party to produce only those "items in
24  the responding party's possession, custody, or control."  Although inmates are typically afforded
25  access to the non-confidential portions of their own central file through an Olsen review, if
26  plaintiff is being denied access to his central file or to confidential documents, then those
27  documents are not in his possession, custody, or control and he is not obligated to produce them.
28  However, in addition to responding to the request for production, it appears that plaintiff may

1  require access to documents within his central file in order to respond to interrogatories and that
2  the documents contained in his central file may also be necessary to support his claims.  The court
3  will therefore require the Attorney General's Office and Deputy Attorney General Michelle M.
4  Mayer to ensure that plaintiff is provided an opportunity to review the non-confidential portions
5  of his central file and make copies of any documents therein that he believes are necessary to
6  respond to the discovery requests or to support his case.  Alternatively, counsel for defendant may
7  choose to produce to plaintiff the relevant, non-confidential portions of his central file.  Plaintiff's
8  responses to defendants' requests for production and interrogatories will be due after he either has
9  had an opportunity to review and copy his files or is provided a copy of the relevant portions of
10 his files.
11        Because plaintiff is not obligated to produce documents not in his possession, custody, or
12 control, the court will not order that he be given access to the confidential portions of his central
13 file in order to respond to discovery, since those documents would not otherwise be available to
14 him.  To the extent plaintiff may be seeking access to confidential documents that he has
15 requested through discovery, he will need to file a motion to compel outlining (1) what
16 documents he requested, (2) defendant's responses and/or objections, and (3) why the responses
17 and/or objections are insufficient.
18    III.    Summary
19        Plaintiff's motion for a court-appointed investigator is denied because a court-appointed
20 investigator is not available under federal law.
21        Plaintiff's motion for counsel is denied because he has not shown that he cannot afford an
22 attorney and because an attorney is not required to resolve plaintiff's discovery problem.  Plaintiff
23 does not have to produce documents that he does not have or cannot access.  Additionally,
24 defendant's counsel will be required to make sure that plaintiff can either review his non-
25 confidential central file and make copies, or that he is provided copies of the relevant, non-
26 confidential portions of his central file.  Plaintiff does not have to respond to defendant's requests
27 for production or interrogatories until he has either reviewed or received a copy of his relevant,
28 non-confidential central file.  If plaintiff wants to see confidential documents that he has

requested through discovery, he must file a motion to compel saying (1) what documents he asked for, (2) what defendant's responses and/or objections were, and (3) why the responses and/or objections are not good enough.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for a court-appointed investigator (ECF No. 23) is denied.

2. Plaintiff's motion for counsel (ECF No. 26) is denied.

3. Within thirty days of this order, the Attorney General's Office and Deputy Attorney General Michelle M. Mayer shall ensure that plaintiff is provided an opportunity to review the non-confidential portions of his central file and make copies of any documents therein that he believes are necessary to respond to the discovery requests or to support his case. Alternatively, counsel for defendant may choose to produce to plaintiff the relevant, non-confidential portions of his central file. A notice of compliance shall be filed with the court within seven days of plaintiff reviewing and copying his central file or receiving a copy of the relevant, non-confidential portions of his central file.

4. Plaintiff's responses to defendant's requests for production and interrogatories will be due twenty-one days after plaintiff either (1) has an opportunity to review his central file and obtain the necessary copies or (2) receives a copy of the relevant, non-confidential portions of his central file.

DATED: December 4, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE