UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. PARCIASEPE, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-0414 GEB AC P<br><br><br>ORDER |

　　　　On December 23, 2015, the Clerk of the Court filed plaintiff's application to proceed in forma pauperis (ECF No. 28) and motion for reconsideration of the magistrate judge's order filed December 7, 2015, denying appointment of counsel (ECF No. 29). Plaintiff's motion for counsel was denied in part because he had not yet established that he was indigent. ECF No. 27 at 2-3. In light of plaintiff's application to proceed in forma pauperis, the court will construe plaintiff's motion for reconsideration as a renewed motion for counsel.

　　　　Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). ECF No. 28. Accordingly, the request to proceed in forma pauperis will be granted. However, while plaintiff has now established that he is indigent, his renewed motion for counsel will be denied because he still has not shown that the exceptional circumstances necessary for appointing counsel in § 1983 cases exists at this time.

////

1    The United States Supreme Court has ruled that district courts lack authority to require
2 counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490
3 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary
4 assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017
5 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for
6 exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on
7 the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity
8 of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Wilborn v.
9 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.
10 1983). Plaintiff states that he requires appointment of counsel to assist him in conducting
11 discovery because he will be unable to respond to certain production requests because he is being
12 told the documents are confidential or privileged and because he requires an attorney to produce
13 witnesses and obtain their affidavits. ECF No. 29 at 1-2.
14    Plaintiff has already been advised that he is only required to produce items that are in his
15 possession, custody, or control. ECF No. 27 at 2. If plaintiff does not have access to certain
16 documents, he is not required to produce them in response to defendant's discovery requests.
17 Moreover, plaintiff has been afforded an opportunity to review and make copies of the non-
18 confidential portions of his central file. ECF No. 30. To the extent there are still documents that
19 plaintiff has been unable to copy, he does not identify any specific documents or types of
20 documents in his motion for counsel. ECF No. 29.
21    Additionally, after defendant notified the court that plaintiff had been given an
22 opportunity to review and make copies of his central file (ECF No. 30), plaintiff filed a response
23 that indicated there were still documents to which he was being denied access (ECF No. 31).
24 However, the only specific documents identified by plaintiff are records of cell searches, and the
25 documentation he provides show not that he is being denied access, but that the records do not
26 exist because they are not archived that far back. ECF No. 31 at 5.
27    With respect to plaintiff's claim that he requires an attorney to produce witnesses and their
28 affidavits, his response to defendant's notice demonstrates that he is already capable of

identifying the individuals that he would like to call as witnesses. ECF No. 31 at 7. If these individuals have not already signed affidavits, plaintiff is not required to create and produce affidavits in order to respond to defendant's discovery requests. To the extent plaintiff may require affidavits to support a motion for summary judgment, he has not established that any of his proposed witnesses would testify to matters about which he lacks personal knowledge and therefore could not testify about himself. At the summary judgment stage, accounts by other individuals that merely duplicate plaintiff's own testimony regarding things he personally heard or saw are unnecessary because they serve only to bolster credibility, which is not properly considered on summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (credibility determinations are the function of the jury, not of a judge on a motion for summary judgment). Finally, plaintiff's argument that he requires an attorney to produce witnesses at trial is premature because it is not yet clear that this case will proceed to trial.

  Although plaintiff has established that he is indigent, he has not established that exceptional circumstances exist in this case and his renewed request for appointment of counsel is denied without prejudice.

Summary

  Plaintiff's motion to proceed in forma pauperis is granted.

  Plaintiff's renewed motion for appointment of counsel is denied because plaintiff does not have to produce documents that he cannot access or that do not already exist and he is already able to identify the witnesses that he wants to testify. If plaintiff wants counsel to help him get affidavits to support or oppose a motion for summary judgment, he will need to explain what information he believes the witnesses can testify to that he cannot. For example, if one of the witnesses told plaintiff they saw or heard something that plaintiff did not also see or hear for himself. Because it has not yet been decided whether this case will go to trial, it is too early for plaintiff to need an attorney to subpoena witnesses.

  Accordingly, IT IS HEREBY ORDERED that:

  1. Plaintiff's motion to proceed in forma pauperis (ECF No. 28) is granted.

////

2. Plaintiff's motion for reconsideration is construed as a renewed motion for counsel (ECF No. 29) and is denied without prejudice.

DATED: January 29, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE