UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH, | No. 2:14-cv-0414 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| T. PARCIASEPE, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion to compel (ECF No. 33), which defendant opposes (ECF No. 34), and defendant's motion to modify the dispositive motion deadline (ECF No. 35).

The deadline for filing discovery motions was January 15, 2016. ECF No. 21. Plaintiff's motion to compel was not filed until February 16, 2016,[1] approximately one month after the deadline had passed. Plaintiff acknowledges that the deadline for completing discovery was January 15, 2016, but argues that his delay should be overlooked because defendant obtained an extension of time to respond to his first request for production and then deposed him on January 5, 2016. ECF No. 33 at 1-2. He further alleges that defendant has not produced any documents

---

[1] Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1  in response to his October 10, 2015 request for production or provided him with a copy of his

2  deposition transcript. Id.  It appears that plaintiff is attempting to argue that he delayed in

3  bringing his motion because he was wanted to give defendant an opportunity to respond to his

4  discovery requests without involving the court.

5  Although plaintiff should have requested an extension of time to bring his motion to

6  compel, the court will consider the motion.  The motion was filed shortly after plaintiff received

7  defense counsel's letter advising him that defendant would not be responding to the second

8  request for production because it was untimely.  ECF No. 33 at 10.  This demonstrates that

9  plaintiff, though technically untimely, did not overly delay in bringing his motion.  This alone

10 would perhaps not be sufficient to cause the court to consider plaintiff's untimely motion.

11 However, the court is troubled by defendant's objection that the first request for production is

12 overbroad because it simply requests all documents (ECF No. 34 at 3-4), given defense counsel's

13 sworn declaration stating that the request was being treated as "one compound, thirty-six part

14 request for production of documents (requesting documents in response to each interrogatory and

15 request for admission)" (ECF No. 24 at 3, ¶ 4).  It appears possible that defendant's change in

16 position may have also contributed to plaintiff's delay in bringing his motion.

17 For these reasons, the court will consider the motion to compel.  However, the court is

18 unable to conduct a proper analysis without defendant's responses to plaintiff's discovery

19 requests.  Defendant will therefore be required to provide to the court a copy of his responses to

20 plaintiff's October 10, 2015 requests for admissions, interrogatories, and production.  Because the

21 plaintiff's motion to compel is still pending, and may result in additional production which could

22 impact plaintiff's ability to bring or defend against a dispositive motion, the court will grant

23 defendant's motion to modify the dispositive motion deadline.  The deadline for the parties to file

24 motions for summary judgment will be vacated and re-set upon disposition of plaintiff's motion

25 to compel.

26 Accordingly, IT IS HEREBY ORDERED that

27 1. Within seven days of the filing of this order, defendant shall file with the court his

28 responses to plaintiff's October 10, 2015 requests for admissions, interrogatories, and production.

1 | Defendant should include his certificates of service and any supplemental responses.

2. Defendant's motion to modify the dispositive motion deadline (ECF No. 35) is granted and the April 8, 2016 dispositive motion deadline is vacated. The deadline for the parties to file motions for summary judgment will be re-set upon disposition of plaintiff's motion to compel.

DATED: April 8, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE