UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. PARCIASEPE, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-0414 GEB AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion to compel (ECF No. 33) which defendant opposes (ECF No. 34).

I.　　Procedural History

Plaintiff's first request for production was served on October 10, 2015. ECF No. 33 at 7-8. After requesting a two-week extension, defendant served his response on December 11, 2015. ECF No. 37-1 at 28. Plaintiff served a second request for production on January 26, 2016 (ECF No. 33 at 12-14), which defendant declined to respond to because it was served after the close of discovery and the time for timely submitting requests (id. at 10).

////

////

////

1

   The deadline for filing discovery motions was January 15, 2016.  ECF No. 21.  Plaintiff's motion to compel was not filed until February 16, 2016,[1] approximately one month after the deadline had passed.  On April 8, 2016, the court decided that it would consider plaintiff's motion despite its untimeliness, and ordered defendant to supplement the record with copies of his responses to plaintiff's discovery requests and the certificates of service.  ECF No. 36.  Defendant complied on April 11, 2016.  ECF No. 37.

   II.   Plaintiff's Allegations

   Plaintiff's complaint proceeds on his claims that defendant Parciasepe retaliated against him for filing grievances by targeting him for excessive cell and pat searches, threatening to have officers plant a knife in his cell, threatening that plaintiff would be his "next victim," and issuing him a false rules violation report.  ECF No. 13 at 5-6, 10.  Plaintiff also alleges that defendant Parciasepe solicited another inmate to assault him.  Id. at 9-10.

   III.   Motion to Compel

   A.   Standards Governing Discovery

   The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Id.  The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)), and to narrow and clarify the issues in dispute, Hickman, 329 U.S. at 501.

---

[1] Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

1    Where a party fails to produce documents requested under Rule 34, the party seeking
2  discovery may move for compelled disclosure. Fed. R. Civ. P. 37(a)(3)(B)(iv). The party
3  seeking to compel discovery has the burden of showing that the discovery sought is relevant.
4  Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732,
5  71 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why
6  discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

   B.   Plaintiff's Requests for Production

   Plaintiff's first request for production, served on October 10, 2015, read as follows:

> Request for production no's 1 thru 19 of all documents to interrogatories and admissions 1 thru 17.
> All documents that[']s in your possession.

ECF No. 33 at 7. In requesting an additional two weeks to respond to the request for production, as well as to the interrogatories and requests for admission, defendant's counsel stated that the request for production was "one compound, thirty-six part request for production of documents (requesting documents in response to each interrogatory and request for admission)." ECF No. 24 at 3, ¶ 4. However, upon responding to the request, defendant ignored the first half of the request and responded only to the portion of the request seeking all documents in defendant's possession. ECF No. 37-1 at 27. Defendant responded

> [o]bjection. This request is overly broad as to time, scope, subject matter, and relevancy. Defendant further objects on the grounds Plaintiff is requesting privileged and confidential documents. Because the request does not identify the documents Plaintiff is seeking with reasonable specificity, Defendant is unable to respond.

Id.

Had plaintiff in fact requested "[a]ll documents that[']s in [defendant's] possession," defendant's objections and failure to produce documents would have been appropriate, though the request for an additional two weeks to respond would not have been justified. However, plaintiff did not request, without qualification, all documents in defendant's possession. Nor did defendant's counsel originally understand the request as such. Rather, the request is reasonably understood as seeking all documents in defendant's possession that were identified in defendant's

responses to the interrogatories and requests for admission. A broader, though not unreasonable, interpretation as to some of the interrogatories would be that the request sought the documents in which the requested information was recorded. For example, the request could be interpreted to seek production of any reports generated as a result of investigations identified in Interrogatory Seventeen. Plaintiff's second set of requests for production, which appears to be an attempt by plaintiff to clarify his request, supports either interpretation as the documents sought in Requests One through Six (ECF No. 33 at 12-13) seek documents that would be used to record the information sought in Interrogatories Fifteen through Nineteen (ECF No. 37-1 at 8-12).

Based on the interrogatories and plaintiff's second set of production requests, it appears that plaintiff probably expected the responses to his interrogatories to identify specific documents, or at a minimum, reference specific grievances, complaints, and the like, which could then be tied to identifiable documentation. ECF No. 37-1 at 8-12. However, review of defendant's responses to plaintiff's interrogatories and requests for admission reveals that defendant does not identify any specific documents in his responses other than a "non-disciplinary, corrective-action letter of instruction" which he states "has been removed from his personnel file," but does not state whether a copy may exist elsewhere, such as in a personal file maintained by defendant or as part of the investigation packet. ECF No. 37-1 at 3-12, 17-23. While defendant cannot be faulted for plaintiff's erroneous expectations as to the content of the interrogatory and admission responses that he would receive, he is not entirely without blame for the current state of affairs.

Plaintiff's second request for production of documents was served on January 26, 2016. ECF No. 33 at 14. This was almost two weeks after discovery closed and a month and a half after defendant served his responses to plaintiff's first request for production. Defendant is not responsible for plaintiff waiting until after the close of discovery to serve his second set of production requests. However, the court finds it hard to believe that defendant required the entire forty-five day period, let alone an additional two weeks, to respond to a request for "[a]ll documents that[']s in [defendant's] possession." It is difficult to see the request for an additional two weeks, as it relates to the request for production, as anything other than unnecessary delay on the part of defendant. There is no rule that all of a plaintiff's discovery requests must be

responded to at the same time, and given defendant's response to the first request for production and the lack of reference to the production request in the interrogatory and admission responses, the response could and should have been served by the original response deadline without extension. Had defendant served his response by the original deadline and plaintiff responded in the same timeframe as he did here, the second set of requests would have been served two weeks earlier. The requests would have still been untimely, but would have at least been served prior to the close of discovery and thus construed as a timely attempt to resolve the discovery dispute without court intervention, which is how the court will treat the request now.

Alternatively, had defendant properly responded to plaintiff's first request for production as thirty-six requests corresponding to the interrogatories and requests for admission, as counsel originally indicated that defendant would, the two-week extension would have been justified, but plaintiff would have potentially had a better understanding as to the deficiencies in his original request and been able to provide clarification in a more timely fashion.[2] It is troubling that after initially, and correctly, interpreting the production request as a multi-part request tied to the interrogatories and requests for admission, counsel apparently chose to be deliberately obtuse in interpreting the request when providing a response.

It is impossible to know what would have happened had the request for production been appropriately responded to as a multi-part request, but it is almost certain that the motion to compel before the court would have taken on a different appearance. The motion would have perhaps followed along the lines of plaintiff's second set of production requests, which offers a more focused picture of what plaintiff was seeking.

The court finds that although there are issues with plaintiff's first request for production, defendant's treatment of that request as a request for all documents in defendant's possession was inappropriate. However, rather than start again from the beginning and require defendant to submit thirty-six separate responses tied to the interrogatories and requests for admissions, the court will instead focus on plaintiff's second set of production requests, which identifies the types

---

[2] For example, defendant may have responded that his interrogatory and admission responses did not identify any documents and that as a result there was nothing to produce.

of documents plaintiff was actually attempting to request and therefore narrows the request.

The second set of production requests consists of the following seven requests:

> **Request for Production No. 1:** Produce any and all inmate appeals submitted against you for misconduct.
>
> **Request for Production No. 2:** Produce any and all staff complaints against you for misconduct.
>
> **Request for Production No. 3:** Produce any and all investigation reports by the hiring authorities, internal affairs, or any investigation reports for misconduct.
>
> **Request for Production No. 4:** Produce any and all reprimands, or any letters for misconduct.
>
> **Request for Production No. 5:** Produce any and all reports, decisions, documents, and reasonings why you was transfere from one institution to another, for disciplinary purpose's, or misconduct.
>
> **Request for Production No. 6:** Produce any and all law suits filed against you for misconduct.
>
> **Request for Production No. 7:** Produce any and all grievances, complaints, and letters from past until present from your co-worker's, to the supervisor's about your unprofessional misconduct.

ECF No. 33 at 12-13. The documents requested in Requests One through Six correspond with the information sought in Interrogatories Fifteen through Nineteen (see ECF No. 37-1 at 8-12) and will therefore be treated as clarification of the original request for production. However, upon review, the court does not find that the documents sought in Request Seven correspond to any of the interrogatories or requests for admission because plaintiff did not previously seek information related to issues voiced by defendant's co-workers. See id. at 3-12, 17-22.

Because Request Seven does not correspond to any of plaintiff's interrogatories or requests for admission and therefore cannot reasonably be interpreted as a clarification of the original, timely request for production, no further response shall be required. Additionally, defendant's response to Interrogatory Eighteen reflects that he has not been transferred from one institution to another for disciplinary purposes or due to misconduct. Id. at 11. This response establishes that there would not be any documents responsive to Request Five, and no further

response will be required to as to that request.  As for Requests One, Two, Three, Four, and Six, discovery will be re-opened for the limited purpose of having defendant respond to these requests, as modified below.

Defendant's responses to plaintiff's interrogatories indicate that there may be documents responsive to Requests One, Two, Three, Four, and Six.  However, in their current form these requests are overly broad as to the period of time and subject matter they cover.  The court will therefore limit the requests to a period of April 1, 2011, one year prior to plaintiff's first staff complaint against defendant (ECF No. 10 at 3), to the present.  "Misconduct" shall also be limited to the types of actions identified in the complaint, such as retaliating against inmates for filing grievances, targeting inmates for excessive cell and pat searches, threatening to have officers plant evidence, threatening inmates generally, issuing false rules violation reports, and soliciting inmates to assault other inmates.  Defendant will be given a deadline to respond to the requests and may object or provide responses as though he were receiving these requests from plaintiff in the first instance, rather than as the result of a motion to compel.  Plaintiff shall be given a date by which he must file any motion to compel related to the responses.  If plaintiff requires additional time to file a motion to compel, he must file a motion for extension of time.  Any late motions to compel will be denied as untimely unless accompanied by an explanation showing good cause why the motion is late and why plaintiff failed to request additional time.

C. <u>Transcript of Plaintiff's Deposition</u>

It appears that plaintiff may also be seeking to compel defendant to provide him with a copy of his deposition transcript free of charge.  ECF No. 33 at 2.  After a deposition has been taken, the court reporter "must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method.  When paid reasonable charges, the [court reporter] must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. P. 30(f)(3).  The court reporter is not required to provide plaintiff with a copy of his transcript until he has paid for a copy and defendant is not required to bear the cost of obtaining a copy of the transcript for plaintiff.  Moreover, while plaintiff may be proceeding in forma pauperis, the statute authorizing plaintiff's status does not authorize the

expenditure of public funds for deposition transcripts.  See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) ("'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress'") (alteration in original) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)).  For these reasons, plaintiff's request to have a copy of his deposition transcript provided free of charge will be denied.

### D. Conclusion

Plaintiff's motion to compel will be granted in part and denied in part.  The motion will be granted to the extent defendant is required to respond to Requests for Production One, Two, Three, Four, and Six from the second set of production requests as narrowed by the court.  The motion is denied in all other respects.

### IV. Summary

Plaintiff's motion to compel is partially granted and defendant will be required to respond to Requests for Production One, Two, Three, Four, and Six from the second set of production requests.  The requests have been narrowed by the court to cover a specific period of time and to limit the kinds of "misconduct" complained of.  The motion to compel is denied as to all other requests for production and as to the request for a free copy of the deposition transcript. Defendant must serve plaintiff with his responses by June 13, 2016.  After receiving the responses, plaintiff has until July 18, 2016, to file a motion to compel if he thinks the responses are not good enough.  After he gets the responses, if plaintiff thinks he will need more time to file a motion to compel, he must file a motion for extension of time explaining to the court why he needs more time.  If plaintiff does not request more time and his motion is late, the court will deny the motion as untimely unless plaintiff shows good cause why it is late and explains why he did not ask for more time.  This order does not give plaintiff permission to make new discovery requests.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 33) is granted in part and denied in part. The motion is granted to the extent that defendant must respond to Requests for Production One, Two, Three, Four, and Six from the second set of production requests as narrowed by the court above.

1  The motion is denied in all other respects.

2      2.  Discovery is re-opened for the limited purpose of having defendant respond to
3  Requests for Production One, Two, Three, Four, and Six from the second set of production
4  requests and for plaintiff to compel further responses if necessary.

5      3.  Defendant shall have until June 13, 2016, to serve his responses to plaintiff's requests
6  for production as set forth in this order.

7      4.  Plaintiff shall have until July 18, 2016, to file any motion to compel related to the
8  responses to Requests for Production One, Two, Three, Four, and Six from the second set of
9  production requests.

10  DATED: May 11, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE