UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH, | No. 2:14-cv-0414 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| T. PARCIASEPE, et al., | |
| Defendants. | |

Currently before the court is plaintiff's motion in which he requests that the court issue an offer of judgment to defendant pursuant to Federal Rule of Civil Procedure 68 and order defendant to participate in settlement negotiations. ECF No. 41.

Plaintiff is mistaken regarding the procedures set forth in Rule 68. Rule 68 allows a defendant to make an offer to the plaintiff outlining terms under which he will accept judgment. It also creates consequences for a plaintiff who does not accept an offer of judgment and, after continuing litigation, obtains a less favorable result than he was offered. Rule 68 does not provide for any involvement by the court in the offer process. Furthermore, while the parties are always encouraged to participate in settlement negotiations and to attempt early resolution of the case, Rule 68 does not create, nor is either party currently under, any obligation to discuss settlement.

1

With respect to plaintiff's request that the court require settlement negotiations, plaintiff's dissatisfaction with defendant's rejection of his offers of settlement is not an appropriate reason for the court to require a mandatory settlement conference and the court will not require one. However, defendant will be required to notify the court whether he believes a settlement conference would be productive at this time.  If defendant is currently interested in participating in a settlement conference, one will be set.

Finally, plaintiff indicates that he believes that counsel has not been communicating his offers to her client, but his only support for this allegation is his subjective belief that defendant should want to avoid trial given his history.  ECF No. 41.  There is no evidence to indicate that counsel is not carrying out her duties related to the communication of settlement offers, and even if there was such evidence, it would not be cause for plaintiff to contact defendant directly. Plaintiff's contact in this case should be with defendant's counsel and the court; he should not be directly contacting defendant regarding this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the court to issue an offer of judgment and require mandatory settlement negotiations (ECF No. 41) is denied.

2. Defendant shall notify the court within fourteen days of service of this order whether he believes a settlement conference would be beneficial at this time.

DATED: June 24, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE