UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH, | No. 2:14-cv-0414 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| T. PARCIASEPE, et al., | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 44.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

      "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden

of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's request is based solely on his limited ability to access the law library.  ECF No. 44.  While the court is sympathetic to plaintiff's frustration at his limited law library access, it is not an exceptional circumstance.  Moreover, if plaintiff requires additional time to meet a deadline because of his limited access, he can always file a motion for extra time explaining how much time he needs and why he needs the extra time.  The court also finds that while it is unable to evaluate plaintiff's likelihood of success on the merits at this time, plaintiff has shown himself to be capable of expressing his claims without assistance up to this point.  For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 44) is denied.

DATED: August 2, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE