UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH, | No. 2:14-cv-0414 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| T. PARCIASEPE, | |
| Defendant. | |

      Plaintiff is a state prisoner, proceeding pro se. On January 18, 2017, the undersigned held a settlement conference, during which the parties reached a settlement. The court read the terms of the settlement on the record to which the parties agreed. On May 1, 2017, plaintiff wrote the undersigned a letter requesting a copy of the transcript from the settlement placed on the court record, and alleging a "breach of contract" due to an old obligation not disclosed during the settlement conference. (ECF No. 61.)

      A copy of the transcript from the settlement hearing is appended. The undersigned has reviewed the terms of the settlement placed on the court record. The record reflects that all parties agreed to the terms of the settlement in open court, and the undersigned confirmed that the settlement proceeds would first be applied against any restitution owed by the plaintiff, and the actual amount of the restitution would have no impact on the enforceability of the settlement as agreed. In other words, the parties were cautioned that an increase or decrease in the amount

1

owed would have no impact on the settlement of this case. Specifically, the parties were informed:

> First, any settlement amounts must first be applied against any outstanding restitution that Mr. Joseph has. It is the parties' best good faith estimate that Mr. Joseph owes approximately $6,900 in restitution. But that's just a good faith estimate by both sides. We will have a settlement as of now.
>
> If it turns out that Mr. Joseph has, for example, more than one CDCR number or owes . . . much much more in restitution so the entire settlement proceeds get applied against the restitution and he never sees a dollar, that's not [a] basis for Mr. Joseph to seek to set aside the settlement.
>
> Similarly, if he owes much less in restitution because he's paid it down or a court has set it aside or whatever reasons, it's not [a] basis for the defendant to say, well, then we don't want to pay him that much. No. The settlement is for $10,000, and whatever is for restitution is owed. The proceeds first get applied against that.

(Jan. 18, 2017 hearing transcript at 4.)

Therefore, plaintiff's request for a copy of the transcript is granted, but no further relief is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a copy of the transcript (ECF No. 61) is granted; and

2. The Clerk of the Court shall send plaintiff a copy of the transcript from the January 18, 2017 settlement hearing.

Dated: May 18, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jose0414.setenf