UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH, | No. 2:14-cv-0414 GEB AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| T. PARCIASEPE, | |
| Defendant. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff again attempts to challenge the settlement of this action. On August 31, 2017, he filed a motion to rescind the binding settlement of this action. (ECF No. 74.) Plaintiff's motion should be denied.

II. Background

On January 18, 2017, the undersigned held a telephonic settlement conference, during which the parties reached a settlement. The court read the terms of the settlement on the record to which the parties agreed. On May 1, 2017, plaintiff wrote the undersigned a letter alleging a "breach of contract" due to an old obligation not disclosed during the settlement conference.[1] (ECF No. 61.)

---

[1] Plaintiff also requested a copy of the transcript which was provided.

1

The undersigned reviewed the terms of the settlement placed on the court record, as follows.

The record reflects that all parties agreed to the terms of the settlement on the record, and the undersigned confirmed that the settlement proceeds would first be applied against any restitution owed by the plaintiff, and the actual amount of the restitution would have no impact on the enforceability of the settlement as agreed. In other words, the parties were cautioned that an increase or decrease in the amount owed would have no impact on the settlement of this case. Specifically, the parties were informed:

> First, any settlement amounts must first be applied against any outstanding restitution that Mr. Joseph has. It is the parties' best good faith estimate that Mr. Joseph owes approximately $6,900 in restitution. But that's just a good faith estimate by both sides. We will have a settlement as of now.
>
> If it turns out that Mr. Joseph has, for example, more than one CDCR number or owes . . . much much more in restitution so the entire settlement proceeds get applied against the restitution and he never sees a dollar, that's not [a] basis for Mr. Joseph to seek to set aside the settlement.
>
> Similarly, if he owes much less in restitution because he's paid it down or a court has set it aside or whatever reasons, it's not [a] basis for the defendant to say, well, then we don't want to pay him that much. No. The settlement is for $10,000, and whatever is for restitution is owed. The proceeds first get applied against that.

(ECF No. 66 at 4.) In light of the record reflecting confirmation of how settlement proceeds must first be applied to restitution, the undersigned found no further relief was warranted. (ECF No. 63 at 2.)

Subsequently, plaintiff filed an appeal. On August 16, 2017, the Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction, stating:

> A review of the record demonstrates that this court lacks jurisdiction over this appeal because the order challenged in the appeal is not final or appealable. See Concha v. London, 62 F.3d 1493, 1507 (9th Cir. 1995) (voluntary dismissal with prejudice not appealable if made pursuant to settlement agreement intended to terminate litigation).

(ECF No. 71 at 1.) On September 7, 2017, the formal mandate issued. (ECF No. 75.)

////

2

III. Plaintiff's Motion to Rescind

Plaintiff claims that the agreement was made under false pretenses because he claims the CDCR had prior knowledge of his old obligation, and failed to raise it at the settlement conference. Plaintiff also recites some portions of the alleged settlement negotiations, suggesting he was misled by the undersigned, and plaintiff did not want to settle. However, he concedes that he wrote the undersigned a letter on January 5, 2017, and "said [he would] take the $10,000.00. (ECF No. 74 at 2.)

IV. Jurisdiction

The first question is whether federal jurisdiction exists. Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). However, courts do have the authority to enforce a settlement agreement while the litigation is still pending or when the settlement agreement is referenced in the dismissal order or the court has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1085. But such ancillary jurisdiction exists only if the settlement agreement was "made part of the order of dismissal," by retaining jurisdiction over the agreement, "or by incorporating the terms of the settlement agreement in the order." Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994).

Here, the parties entered into a stipulation of dismissal with prejudice, and this action was terminated on January 24, 2017. The court did not retain jurisdiction. The order of dismissal does not append the settlement agreement, incorporate the terms of the settlement, or even reference the settlement agreement. (ECF No. 57.) Rather, the parties stated that they "have resolved this case in its entirety," and stipulated to dismissal of the action with prejudice. (Id. at 1.) Therefore, plaintiff motion should be dismissed for lack of jurisdiction.

V. Motion to Rescind

But even assuming this court has jurisdiction, plaintiff's motion fails.

////

1        "The construction and enforcement of settlement agreements are governed by principles of [state] law which apply to contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1990). Under California law, a party can rescind a contract if his consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689.

       Even assuming plaintiff was unduly influenced by the court's negotiation between the parties, the undersigned is neither a party to the settlement nor jointly interested with any party to the settlement. The undersigned participated in the settlement conference as a neutral mediator between the parties in this action. The parties agreed to participate in settlement discussions and after negotiations, reached an agreement. Plaintiff cannot rescind the agreement based upon the participation of a neutral mediator to the proceedings. See Holt v. MacArthur, 2014 WL 940327, at *4 (S.D. Cal. Mar. 10, 2014) (judge's participation in settlement discussions as a neutral moderator defeats litigant's defense of undue influence).

       A settlement conference was held on January 4, 2017, but the case did not settle. On January 18, 2017, further settlement negotiations took place, after which the parties reached a verbal settlement, which was put on the record, as set forth above. An oral agreement negotiated as part of a settlement conference overseen by a judge, with all material terms put on the record, and with verbal confirmation by all parties to be bound by the agreement is generally enforceable without detailed factual inquiry by the court. Doi v. Halekulani Corp., 276 F.3d 1131, 1137 (9th Cir. 2002). The record demonstrates that plaintiff was informed as to how settlement proceeds must be distributed, and that the discovery of additional obligations would not be grounds to set aside the settlement. Moreover, California law requires defendants to apply settlement funds to restitution obligations. Cal. Penal Code § 2085.5(n). Plaintiff's motion to rescind is based on a case of buyer's remorse which is not grounds to overturn the settlement agreement.

       For all of the above reasons, plaintiff's motion should be denied.

////

////

4

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to rescind the settlement (ECF No. 74) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 27, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jose0414.setenf .57